**Jury Instruction No. _____** [1]

**Introduction**

Members of the Jury:

Before we begin the trial, I would like to tell you about what will be happening.  I want to describe how the trial will be conducted and explain what we will be doing--you, the lawyers for both sides, and I.  At the end of the trial I will give you more detailed guidance on how you are to go about reaching your decision.  But now I simply want to explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by an assistant United States attorney, Danya Perry.  The defendants are … and are represented by ….

The defendants have been charged by the government with violation of federal law.  They are charged with bank fraud conspiracy, bank fraud, and money laundering conspiracy.  The charges against the defendants are contained in the indictment.  The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.  Defendant Timothy Montgomery pleaded not guilty to the charges and denies committing the offenses.  He is presumed innocent and may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

---

[1]Pattern Crim. Jury Instr. § 1 (1988).

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney will make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses as well as documents and exhibits.  Some of you have probably heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

After the government's evidence, the defendant's lawyer may make an opening statement and present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendant is presumed innocent and the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments. They are not evidence either.  In their closing arguments the lawyers for the government

and the defendant will be attempting to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law which you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial. I will decide which rules of law apply to this case. I will decide this in response to questions raised by the attorneys as we go along and also in the final instructions given to you after the evidence and arguments are completed. You will decide whether the government has proved, beyond a reasonable doubt, that the defendants have committed the crimes of bank fraud, bank fraud conspiracy, and money laundering conspiracy. You must base that decision only on the evidence in the case and my instructions about the law.

Defendant Timothy Montgomery is accused of three counts of bank fraud, one count of bank fraud conspiracy, and one count of money laundering conspiracy. For you to find this defendant guilty of each count, you must be convinced that the government has proved, beyond a reasonable doubt: that Defendant Timothy Montgomery entered into a conspiracy to knowingly execute or attempt to execute a plan to defraud a federally insured financial institution by means of false or fraudulent pretenses, representations, or promises (Count One); Defendant Timothy Montgomery knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises

(Counts Four, Five and Six); and/or Defendant Timothy Montgomery knowingly entered

into a conspiracy participate in a financial transaction that involved property constituting

the proceeds of specified unlawful activity in order to conceal or disguise the nature, the

location, the source, the ownership, or the control of such proceeds (Count Thirteen).

If you find the defendant guilty, it will then be my job to decide what punishment

should be imposed.  In considering the evidence and arguments that will be given during

the trial, you should not guess about the punishment.  It should not enter into your

consideration or discussions at any time.

During the course of the trial, you should not talk with any witness, or with the

defendant, or with any of the lawyers in the case.  Please don't talk with them about any

subject at all.  In addition, during the course of the trial you should not talk about the trial

with anyone else--not your family, not your friends, not the people you work with.  Also,

you should not discuss this case among yourselves until I have instructed you on the law

and you have gone to the jury room to make your decision at the end of the trial.  It is

important that you wait until all the evidence is received and you have heard my

instructions on rules of law before you deliberate among yourselves.  Let me add that

during the course of the trial you will receive all the evidence you properly may consider

to decide the case.  Because of this, you should not attempt to gather any information on

your own which you think might be helpful.  Do not engage in any outside reading on

this case, do not attempt to visit any places mentioned in the case, and do not in any other

way try to learn about the case outside the courtroom.

Now that the trial has begun you must not read about it in the newspapers or

watch or listen to television or radio reports of what is happening here.  The reason for

these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These only relate to the legal questions that I must determine and should not influence your thinking. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind, and you may not refer to that statement in your later deliberations.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case.

Finally, let me clarify something you may wonder about later. During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law which should apply here. Sometimes we will talk here, at the bench. But some of these conferences may take time. So, as a convenience to you, I will excuse you from the courtroom. I will try to avoid such interruptions as much as possible, but please be patient even if the trial seems to be moving slowly because conferences often save time for all of us.

Thank you for your attention.

**Jury Instruction No. _____**[2]

Count One of the Indictment charges that, from December 2002 through in or about August 2005, Defendants Douglas Shyne and Natasha Singh and their co-conspirators, Defendants Ephraim Richardson, Nathanial Shyne, Toybe Bennett, Roberto Montgomery, Jason Watler, Naresh Pitambar, Timothy Montgomery, Steven Riddick, Nathaniel Alexander, conspired to knowingly to execute or attempt to execute a scheme or artifice to obtain any of the moneys or other property owned by or under the custody or control of a federally-insured financial institution by means of false or fraudulent pretenses or representations. This is otherwise known conspiracy to commit bank fraud.

For you to find Defendant Montgomery guilty of the crime alleged in Count One of the indictment, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

First, the conspiracy, agreement, or understanding to knowingly execute or attempt to execute a plan to defraud a federally insured financial institution by means of false or fraudulent pretenses, representations, or promises, as described in the indictment, was formed, reached, or entered into by two or more persons;

Second, at some time during the existence or life of the conspiracy, agreement, or understanding, Defendant Timothy Montgomery knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

Third, at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts

---

[2]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS §§ 31.03, 47.09 (5th ed. 2007); 3-50A Modern Federal Jury Instructions-Criminal Pattern 50A.02; United States v. Maher, 108 F.3d 1513, 1526 (2nd. Cir. 1997) (elements of money laundering).

charged in the indictment and did so in order to further or advance the purpose of the agreement.

The general nature of the conspiracy to commit bank fraud alleged in Count One of the indictment is that Defendants Douglas Shyne, Natasha Singh, and their co-conspirators stole, altered or counterfeited approximately twenty checks in the total aggregate amount of $5 million. Defendants Douglas Shyne and Natasha Singh then arranged for these checks to be cashed by depositing the checks in their personal and/or business accounts, by unlawfully obtaining the financial information of other individuals to open accounts and then deposit the checks in those accounts, or by arranging for the checks to be deposited in the bank accounts of their friends, relatives, and associates, who would then funnel the proceeds of the checks back to Defendants Douglas Shyne and Natasha Singh for a commission.

Defendant Timothy Montgomery has entered a plea of not guilty to this allegation in the indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiracy to execute a scheme or plan to defraud a federally chartered or insured financial institution as charged in Count One of the indictment.

Count Four of the indictment charges that on or about March 2005 through May 2005, Defendant Timothy Montgomery did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody or control of, such financial institutions, by means of false and fraudulent pretenses.

In order to sustain its burden of proof for Count Four, the government must prove the following elements beyond a reasonable doubt:

First, Defendant Timothy Montgomery knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises;

Second, Defendant Timothy Montgomery did so with the intent to defraud; and

Third, the financial institution was then insured by the Federal Deposit Insurance Corporation.

The general nature of the plan to defraud alleged in Count Four of the indictment is that Defendant Timothy Montgomery, along with Defendants Douglas Shyne, Toybe Bennett, Steven Riddick, and Co-Conspirator 1, agreed to transport from New York to Virginia approximately three counterfeit checks in the total aggregate amount of $905,000 in order to deposit such checks in Steven Riddick's bank account and then split the proceeds of such checks.

Defendant Timothy Montgomery has entered a plea of not guilty to this allegation in the indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of executing a scheme or plan to defraud a federally chartered or insured financial institution by means of material false or fraudulent pretenses, representations or promises as charged in Count Four of the indictment.

Count Five of the Indictment also charges that on or about March 2005 through May 2005, Defendant Timothy Montgomery did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions to obtain moneys, funds,

credits, assets, securities, and other property owned by, or under the custody or control of, such financial institutions, by means of false and fraudulent pretenses.

In order to sustain its burden of proof for Count Five, the government must prove the following elements beyond a reasonable doubt:

First, Defendant Timothy Montgomery knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises;

Second, Defendant Timothy Montgomery did so with the intent to defraud; and

Third, the financial institution was then insured by the Federal Deposit Insurance Corporation.

The general nature of the plan to defraud alleged in Count Five of the indictment is that Defendant Timothy Montgomery, along with Defendants Douglas Shyne, Steven Riddick, Nathaniel Alexander, and Co-Conspirator 1, agreed to transport from New York to Virginia approximately two counterfeit checks in the total aggregate amount of approximately $1 million in order to deposit such checks in Nathaniel Alexander's bank accounts and then split the proceeds of such checks.

Defendant Timothy Montgomery has entered a plea of not guilty to this allegation in the indictment. The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of executing a scheme or plan to defraud a federally chartered or insured financial institution by means of by means of material false or fraudulent pretenses, representations or promises as charged in Count Five of the indictment.

Count Six of the indictment also charges that on or about March 2005 through May 2005, Defendant Timothy Montgomery did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody or control of, such financial institutions, by means of false and fraudulent pretenses.

In order to sustain its burden of proof for Count Six, the government must prove the following elements beyond a reasonable doubt:

First, Defendant Timothy Montgomery knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises;

Second, Defendant Timothy Montgomery did so with the intent to defraud; and

Third, the financial institution was then insured by the Federal Deposit Insurance Corporation.

The general nature of the plan to defraud alleged in Count Six of the indictment is that Defendant Timothy Montgomery, along with Defendants Douglas Shyne, Toybe Bennett, and Co-Conspirator 1, agreed to transport from New York to Virginia and Texas approximately two counterfeit checks in the total aggregate amount of approximately $775,000 in order to deposit such checks in Defendant Timothy Montgomery's bank accounts and then split the proceeds of such checks.

Defendant Timothy Montgomery has entered a plea of not guilty to this allegation in the indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of executing a scheme or plan to defraud a federally

chartered or insured financial institution by means of by means of material false or fraudulent pretenses, representations or promises as charged in Count Six of the indictment.

Count Thirteen of the Indictment charges that, from on or about March 2005 through May 2005, Defendants Douglas Shyne, Natasha Singh, Toybe Bennett, Roberto Montgomery, Ephraim Richardson, Naresh Pitambar, Jason Watler, Steven Riddick, Nathaniel Alexander, and Timothy Montgomery did knowingly conspire to launder money in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

.        In order to prove the crime of conspiracy to launder money in violation of Title 18, United States Code, section 1956(a)(1)(B)(i), the government must establish beyond a reasonable doubt each of the following elements beyond a reasonable doubt:

First, two or more persons conspired to knowingly participate in a financial transaction that involved property constituting the proceeds of specified unlawful activity in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

Second, at some time during the existence or life of the conspiracy, agreement, or understanding, Defendant Timothy Montgomery knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

Third, at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts

charged in the indictment and did so in order to further or advance the purpose of the agreement.

Defendant Timothy Montgomery has entered a plea of not guilty to this allegation in the indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of conspiring to launder money in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity as charged in Count Thirteen of the indictment.

**Jury Instruction No. _____ [3]**

**Statute defining offense charged -- Bank Fraud**

Section 1344 of Title 18 of the United States Code provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

[commits a crime].

---

[3] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 13.02 (5th ed. 2007).

**Jury Instruction No. _____** [4]

**Statute defining offense charged -- Bank Fraud Conspiracy**

Section 1349 of Title 18 of the United States Code provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

---

[4]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 13.02 (5th ed. 2007).

**Jury Instruction No. _____[5]**

**Statute defining offense charged – Money Laundering Conspiracy**

Section 1956(a)(1)(B)(i) of Title 18 of the United States Code provides:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
> …
>
>
> (B) knowing that the transaction is designed in whole or in part--
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

[commits a crime].

---

[5] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 13.02 (5th ed. 2007).

**Jury Instruction No. _____** [6]

**Pretrial publicity**

There has been some publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court to be seen and evaluated by the jury like the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

---

[6] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 10.02 (5th ed. 2007); see United States v. Doggett, 821 F.2d 1049, 1050–51 (5th Cir. 1987).

Jury Instruction No. _____[7]

**Presumption of innocence, burden of proof, and reasonable doubt**

I instruct you that you must presume Defendant Timothy Montgomery to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant Timothy Montgomery.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Defendant Timothy Montgomery has committed each and every element of the offenses charged in

---

[7]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 12.10 (5th ed. 2007).

the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Jury Instruction No. _____**[8]

**Intent to defraud--Defined**

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

---

[8]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 47.14 (5th ed. 2007).

### Jury Instruction No. _____ [9]

**"Materiality"--Defined**

Material statements are those that have a natural tendency to influence, or are capable of influencing, the decision of the decisionmaking body to which it was addressed.  To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

---

[9]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 16.11 (5th ed. 2007); United States v. Gaudin, 515 U.S. 506, 509 (1995); Neder v. United States, 527 U.S. 1 (1997) (holding that "materiality is an element of a 'scheme or artifice to defraud' under the federal mail fraud (18 U.S.C.A. § 1341), wire fraud (§ 1343), and bank fraud (§ 1344) statutes.").

**Jury Instruction No. _____**[10]

**"False"--Defined**

The word "false" means contrary to the truth. As used in the law, the word "false" generally means more than an innocent mistake or a simple error of fact.

A statement or representation is "false" if it was untrue when made and was then known to be untrue by the person making it or made with reckless indifference as to its truth or falsity.

---

[10] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 16.06 (5th ed. 2007).

## Jury Instruction No. _____ [11]

**"Knowingly"--Defined**

A defendant acts knowingly when he acts intentionally and voluntarily. A defendant does not act knowingly however, if he acts out of ignorance, mistake, accident, or carelessness.   Before you can find that a defendant acted knowingly, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately, intentionally, and understandingly.

An omission or failure to act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted of an omission, or failure to act, due to mistake, or accident, or other innocent reason.

---

[11] See United States v. Doyle, 130 F.3d 523, 540 (2d Cir.1997); United States v. Townsend, 987 F.2d 927, 929 (2d Cir.1993); United States v. S7 Vee Cartage Co., 704 F.2d 914, 919 (6th Cir. 1983).

**Jury Instruction No. _____**[12]

**"Overt act"--Defined**

In order to sustain its burden of proof under Counts One and Thirteen of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

---

[12] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 31.07 (5th ed. 2007).

**Jury Instruction No. _____**[13]

**Conspiracy--Existence of an agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant Timothy Montgomery and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate the federal bank fraud and money laundering laws by means of some common plan or course of action as alleged in Counts One and Thirteen of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit Defendant Timothy Montgomery.

---

[13]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 31.04 (5th ed. 2007).

**Jury Instruction No. _____**[14]

**Conspiracy--Membership in an agreement**

Before the jury may find that Defendant Timothy Montgomery, or any other person, became a member of the conspiracy charged in Counts One and Thirteen of the indictment, the evidence in the case must show beyond a reasonable doubt that Defendant Timothy Montgomery knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

---

[14]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 31.05 (5th ed. 2007).

## Jury Instruction No. _____ [15]

**The question is not evidence**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.    Only the answers are evidence.

---

[15] See 1A O'MALLEY, GRENIG, & LEE,  FEDERAL JURY PRACTICE & INSTRUCTIONS § 12.08 (5th ed. 2007);  .,
United States v. McCarth, 54 F.3d 51, 55–6 (2d Cir. 1995), cert. denied, 516 U.S. 880, 116 S.Ct. 214, 133
L.Ed.2d 145.

**Jury Instruction No. _____** [16]

**Verdict as to defendant only**

You are here to determine whether the government has proven the guilt of Defendant Timothy Montgomery for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons who are not defendants in this proceeding.

So, even though you may believe that one or more other unindicted persons are guilty of the charges in the indictment, if any reasonable doubt remains in your minds about Defendant Timothy Montgomery after impartial consideration of all the evidence in the case, it is your duty to find him not guilty.

---

[16] See 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 12.11 (5th ed. 2007); United States v. Foster , 9 F.R.D. 367, 379 (S.D.N.Y. 1949).

**Jury Instruction No. _____[17]**

**Consider each count and each defendant separately**

There are eleven defendants in this case. A separate crime is alleged against each of the defendants in each count of the indictment, and you must evaluate the guilt or innocence of each defendant separately. It is entirely possible that you could find that the government has proven beyond a reasonable doubt its case against one defendant, but not the others.

In addition, each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. Any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

---

[17]See 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 12.13 (5th ed. 2007); United States v. Reinhold, 20 F.Supp.2d 541, 556 (S.D.N.Y. 1998).

**Jury Instruction No. _____** [18]

**Give each defendant separate consideration**

It is your duty to give separate and personal consideration to the case of each defendant.  When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his or her case determined from evidence as to his or her own acts, statements, and conduct and any other evidence in the case which may be applicable to him or her.

---

[18]See 1A O'MALLEY, GRENIG, & LEE,  FEDERAL JURY PRACTICE & INSTRUCTIONS § 12.14 (5th ed. 2007).

**Jury Instruction No. _____** [19]

**Number of witnesses called is not controlling**

　　　Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

---

[19] See 1A O'MALLEY, GRENIG, & LEE,  FEDERAL JURY PRACTICE & INSTRUCTIONS § 14.16 (5th ed. 2007).

**Jury Instruction No. _____** [20]

**Opinion evidence -- The expert witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other "expert witnesses," you may disregard the opinion in part or in its entirety. As I have told you several times, you—the jury—are the sole judges of the facts of this case.

---

[20] See 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 14.01 (5th ed. 2007).

**Jury Instruction No. _____** [21]

**Credibility of witnesses--Generally**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always

---

[21]See 1A O'MALLEY, GRENIG, & LEE,  FEDERAL JURY PRACTICE & INSTRUCTIONS § 15.01 (5th ed. 2007).

consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

.

**Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**Jury Instruction No. _____**[22]

**Credibility of witnesses--Informant**

You have heard the testimony of Arthur Prince. Arthur Prince is an informant in this case. You have also heard that the government has promised him that he will not be prosecuted for _____ in exchange for his testimony.

It is permissible for the government to make such a promise. But you should consider Arthur Prince's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict Defendant Timothy Montgomery based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

---

[22] See Sixth Circuit Pattern Criminal Jury Instructions § 7.06(b) (2005).

### Jury Instruction No. _____ [23]

**Testimony of a Witness Under Grant of Immunity**

You have heard the testimony of _____. You have also heard that the government has promised him that [he will not be prosecuted for _____ ] [ he will _____] in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider _____'s testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict Defendant Timothy Montgomery based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

---

[23] See Sixth Circuit Pattern Criminal Jury Instructions § 7.07 (2005).

**Jury Instruction No. _____** [24]

**Testimony of an Accomplice**

You have heard the testimony of _____. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider _____'s testimony with more caution than the testimony of other witnesses.

Do not convict Defendant Timothy Montgomery based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that _____ has pleaded guilty to a crime is not evidence that any other defendant is guilty, and you cannot consider this against any other defendant in any way.

---

[24]See SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS § 7.08 (2005).

**Jury Instruction No. _____** [25]

**Credibility of witnesses--Inconsistent statement**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

---

[25] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 15.06 (5th ed. 2007).

**Jury Instruction No. _____** [26]

**Credibility of witnesses--Conviction of felony**

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

---

[26] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 15.07 (5th ed. 2007).

**Jury Instruction No. _____** [27]

**Credibility of witnesses--Bad reputation for truth and veracity**

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad.

If you believe a witness has been so impeached and thus discredited during this trial it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.

---

[27] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 15.09 (5th ed. 2007).

**Jury Instruction No. _____**[28]

**Proof of knowledge or intent**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

---

[28] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 17.07 (5th ed. 2007); United States v. Thomas,  34 F.3d 44, 49 (2nd Cir.  1994).

Jury Instruction No. _____[29]

**Common scheme or plan--Evidence of acts or declarations of confederates**

When two or more persons knowingly associate themselves together to carry out a common plan or arrangement and intend either to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, there arises from that association a kind of partnership in which each member becomes the agent of every other member.

So if you find that the evidence in the case shows such a common plan or arrangement, then an act knowingly done or a statement knowingly made by a member, while the common plan or arrangement is continuing and in furtherance of some object or purpose thereof, is admissible against all of the members.

In order to establish that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner came to a mutual understanding to accomplish some common object or purpose. In order to establish that Defendant Timothy Montgomery was a party to or a member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed and that Defendant Timothy Montgomery, or other person who is alleged to have been a member of it, knowingly participated in it intending to advance or further some common object or purpose of the plan or arrangement.

In determining whether or not Defendant Timothy Montgomery or any other person was a party to or a member of such a common plan or arrangement, the jury is not to consider what others may have said or done. Defendant Timothy Montgomery's

---

[29]1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 18.02 (5th ed. 2007); United States v. Guillette, 547 F.2d 743, 750 (2nd Cir. 1976).

membership in such a common plan or arrangement, in other words, must be established by evidence as to his own conduct—what he himself knowingly said or did.

If, and only if, it appears from such evidence in the case that a common plan or arrangement did exist, and that Defendant Timothy Montgomery was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member.  This is true even though the acts and statements may have occurred in the absence of and without the knowledge of the defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the common plan or arrangement and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present and saw the act done or heard the statement made.

Now, the mere fact that Defendant Timothy Montgomery may know that others have formed a conspiracy or be present when other people were talking about the conspiracy or have a friendship, an employment or association or any kind of business relationship with another member of the conspiracy is not in itself enough to make him a conspirator unless you first find that he knew of the existence of the conspiracy and of its purpose, and voluntarily and knowingly joined with others in a common plan with an intent to promote its unlawful purpose.

**Jury Instruction No. _____**[30]

**Acts and declarations of co-conspirators**

Evidence has been received in this case that certain persons, who are alleged in Counts One, Four, Five, Six, and Thirteen of the indictment to be co-conspirators of Defendant Timothy Montgomery, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Counts One, Four, Five, Six, and Thirteen of the indictment against Defendant Timothy Montgomery.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant Timothy Montgomery and even done or said without the his knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

---

[30] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 31.06 (5th ed. 2007).

Jury Instruction No. _____[31]

**Fraud – Good Faith Defense**

The good faith of a defendant is a complete defense to the charges of bank fraud conspiracy and bank fraud contained in Counts One, Four, Five, and Six the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

---

[31]SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS § 10.04 (2005); Kevin F. O'Malley et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 19.06 (5th ed. 2000); United States v. Alkins, 925 F.2d 541, 550 (2nd Cir. 1991).

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

Jury Instruction No. _____[32]

**Single or multiple conspiracies – Bank Fraud**

Count One of the indictment charges that Defendant Timothy Montgomery knowingly and deliberately entered into a conspiracy to commit bank fraud. In order to sustain its burden of proof for this charge, the government must show that the single, umbrella conspiracy alleged in Counts One existed. Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement. In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goal(s) or objective(s) shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

---

[32] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 31.09 (5th ed. 2007).

Even if the evidence in the case shows that Defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit Defendant Timothy Montgomery of this charge.

Unless the government proves the existence of the single, umbrella conspiracy described in the indictment beyond a reasonable doubt, you must acquit Defendant Timothy Montgomery of this charge.

## Jury Instruction No. _____[33]

**Verdict--Election of foreperson--Duty to deliberate--Unanimity--Punishment--Form of verdict--Communication with the court I come now to the last part of the instructions, the rules for your deliberations.**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have

---

[33] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 20.01 (5th ed. 2007).

said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

Forms of verdicts have been prepared for your convenience.

[The forms of verdict should be read to the jury]

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the forms, and then return with your verdicts to the courtroom. If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

**Jury Instruction No. _____** [34]

**Verdict--Multiple defendants--Single or multiple counts**

A separate crime is alleged against each defendant in each count of the indictment.  It is a fundamental precept that guilt is individual.  For this reason, you must give separate and individual consideration to the case against each defendant.

Under these instructions, you may find one or more of the defendants guilty or not guilty as charged.  At any time during your deliberations you may return into court with your verdict of guilty or not guilty as to any defendant concerning whom you have unanimously agreed.

You must consider the charge*s* against each defendant separately. Your verdict must be based solely upon the evidence received during the trial concerning each defendant.  Your verdict concerning one defendant should not control your verdict regarding any other defendant.

---

[34] 1A O'MALLEY, GRENIG, & LEE,  FEDERAL JURY PRACTICE & INSTRUCTIONS § 20.03 (5th ed. 2007); United States v. DiLapi,  651 F.2d 140, 146 (2nd Cir.  1981).

**Jury Instruction No. _____** [35]

**Partial verdict**

If you have reached a verdict as to some of the defendants and/or some of the

counts, but not as to the others, you may return a verdict here in court as to those

defendants and/or those counts.

---

[35] 1A O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE & INSTRUCTIONS § 20.06 (5th ed. 2007).

\4422565.2